STEWART MANAGO, COCR NO. BN 4545
Name and Prisoner/Booking Number
NORTH KERN STATE PRISON
Place of Confinement
P O BOX 5005
Mailing Address
DELANO CALIFORNIA 93216
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

Scanned at CDCR and E-Mailed
on 9/30/21 by J.C
(date)          (Initials)
Number of pages scanned: 25

**FILED**
Sep 30, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO, COCR NO. BN 4545 )
(Full Name of Plaintiff) )
                    Plaintiff, )
                                              )
              v.                              )   CASE NO.  1:21-CV-01464-HBK
                                              )              (To be supplied by the Clerk)
(1) KELLY SANTORO, WARDEN, )
(Full Name of Defendant) )
(2) KEVIN HIXON, CHIEF DEPUTY WARDEN )
                                              )
(3) J. JETER, ASSOCIATE WARDEN )   **CIVIL RIGHTS COMPLAINT**
                                              )   **BY A PRISONER**
(4) J. TANGEN, FACILITY CAPTAIN )   JURY TRIAL DEMANDED
                    Defendant(s). )   ☑ Original Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ First Amended Complaint
                                              )   ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: NORTH KERN STATE PRISON (NKSP)

## B. DEFENDANTS

1. Name of first Defendant: _KELLY SANTORO_ . The first Defendant is employed as:
   _WARDEN_ at _NORTH KERN STATE PRISON_ .
   (Position and Title)                     (Institution)

2. Name of second Defendant: _KEVIN HIXON_ . The second Defendant is employed as:
   _CHIEF DEPUTY WARDEN (A)_ at _NORTH KERN STATE PRISON_
   (Position and Title)                     (Institution)

3. Name of third Defendant: _JACKIE JETER_ . The third Defendant is employed as:
   _ASSOCIATE WARDEN_ at _NORTH KERN STATE PRISON_
   (Position and Title)                     (Institution)

4. Name of fourth Defendant: _J. TANGEN, FACILITY CAPTAIN_, The fourth Defendant is employed as:
   _FACILITY CAPTAIN_ at _NORTH KERN STATE PRISON_
   (Position and Title)                     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**
(SEE: ATTACHED HERETO AS PAGE NUMBER 3)

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?      ☑ Yes      ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _MANAGO_ v. _WILLIAMS, ET. AL_
      2. Court and case number: _2:07-CV-2290 LKK KJN-P_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _THIS MATTER WAS_
      _SETTLED OUT OF COURT IN 2016_

   b. Second prior lawsuit:
      1. Parties: _MANAGO_ v. _DAVEY, ET. AL_
      2. Court and case number: _1:16-CV-00899-NONE-GSA_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _THIS MATTER WAS_
      _SETTLED OUT OF COURT IN JULY 2021_

   _PLAINTIFF DOES NOT CONTEST THAT HE HAS THREE STRIKES AND_
   c. Third prior lawsuit: _HE IS CURRENTLY IN UNDER IMMINENT DANGER WITHIN CDCR._
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

5. DEFENDANT S. JENSEN IS THE INVESTIGATIVE SERVICES UNIT, (ISU) LIEUTENANT AT NORTH KERN STATE PRISON,'

6. DEFENDANT I. QUINTERO IS A CORRECTIONAL LIEUTENANT AT NORTH KERN STATE PRISON,'

7. DEFENDANT R. PHILPOTT,' IS A FACILITY LIEUTENANT AT NORTH KERN STATE PRISON;'

8. DEFENDANT O. DRAKE IS A CORRECTIONAL COUNSELOR II, AT NORTH KERN STATE PRISON,

9. DEFENDANT J. FELIX IS THE INVESTIGATIVE SERVICES UNIT (ISU) SERGEANT, AT NORTH KERN STATE PRISON,'

10. DEFENDANT B. LOMELY IS THE INVESTIGATIVE SERVICES UNIT (ISU) SERGEANT, AT NORTH KERN STATE PRISON,'

11. DEFENDANT J. FRANCO IS A FACILITY SERGEANT AT NORTH KERN STATE PRISON.

12. DEFENDANT A. MAGALLANES IS A CORRECTIONAL COUNSELOR I AT NORTH KERN STATE PRISON,

13. DEFENDANT O. MACIEL IS A CORRECTIONAL COUNSELOR I AT NORTH KERN STATE PRISON,

14. DEFENDANT R. AYALA ANGELES IS A CRIMINAL / GANG INVESTIGATOR, ASSIGNED TO NORTH KERN STATE PRISON (ISU)

15. DEFENDANT E. REYNOSO, IS ASSIGNED AS A MEMBER OF COCR'S CSR-CLASSIFICATION PROCESS.

16. DEFENDANT R. WILLIAMS, IS ASSIGNED AS A MEMBER OF COCR'S CSR-CLASSIFICATION PROCESS

17. DEFENDANTS (1) THROUGH (20) ARE CDCR-EMPLOYEES AT NKSP, COR- AND CCI. THE NAMES OF THESE STAFF ARE CURRENTLY UNKNOWN AT THIS TIME, PENDING THE CIVIL DISCOVERY PROCESS, PURSUANT TO FED. R. CIV. SECTIONS: 33, 34, AND 36.

Scanned at CDCR and E-Mailed
on  9/30/21  by  J.K
(date)        (initials)
Number of pages scanned: 25

3.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _PLAINTIFF ALLEGES A FIRST_ _AMENDMENT CLAIMS AGAINST ALL NANCO DEFENDANTS_

2. **Claim I**. Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☑ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   (1) PLAINTIFF ALLEGES THAT, ON JULY 7, 2016, PLAINTIFF PAROLED FROM CALIFORNIA STATE PRISON-SACRAMENTO. PRIOR TO PLAINTIFF PAROLING FROM CSP-SAC, PLAINTIFF WAS RESPONSIBLE FOR HAVING THREE (3) CORRECTIONAL STAFF TERMINATED (1) OFFICER MARY K. BROCKETT FOR SEX CRIMES AT CSP-SAC, (2) PSYCH TECH NATE CLAIR AT SVSP, FOR CONSPIRACY TO "COMMIT MURDER" AND DRUG CRIMES", AND (3) OFFICER J. COLE AT HODE FOR A "CRIMINAL CONSPIRACY" TO HAVE ANOTHER INMATE ASSAULTED/MURDERED WITH RESULTED IN TERMINATION. (SEE: MALAGO V. WILLIAMS, 2013 U.S. LEXIS 183734, AND MALAGO V. DAVEY, 2017 U.S. DIST. LEXIS 144339)

   (2) PLAINTIFF ALLEGES THAT, OFFICER M. BROCKETT, PSYCH-TECH NATE CLAIR, AND OFFICER J. COLE, WERE KNOWN TO BE ASSOCIATES/MEMBERS OF THE GREEN WALL-PRISON GANG WITHIN CDCR.

   (3) PLAINTIFF ALLEGES THAT, AS A DIRECT RESULT OF PLAINTIFF REPORTING OFFICER M. BROCKETT, PSYCH-TECH NATE CLAIR, AND OFFICER J. COLE'S, "CRIMINAL ACTIVITY". DEFENDANTS (1) THROUGH (20), TARGETED PLAINTIFF FOR ASSAULT/MURDER, IN VIOLATION OF CCR TIT.15. SECTION 3321 AND 3401.5(F)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). PLAINTIFF HAS BEEN ATTACKED PHYSICALLY AND MENTALLY, AS A DIRECT RESULT OF DEFENDANTS ORDERING A HIT AGAINST PLAINTIFF, AS NOTED BY DEFENDANTS SANTORO, DRAKE, COMELY, FELIX, MAGALLANES, AND MACIEL ON APRIL 20/2021

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

Scanned at CDCR and E-Mailed
on _9/30/21_ by _J.C_
(date)      (initials)
Number of pages scanned: 25

4.

(4) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 PLAINTIFF WAS TRANSFERRED FOR WEST VALLEY DETENTION CENTER (WVDC), TO NORTH KERN STATE PRISON, AS A NEW FELONY COMMITMENT FROM SAN BERNARDINO COUNTY FOR ALLEGATIONS OF FELONY EVADING, IN VIOLATION OF PENAL CODE SECTIONS VC 2800.2

(5) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 DEFENDANT J. FRANCO, WHO PLAINTIFF KNEW FACIT (CCI-SHU), PLAINTIFF HAD NAMED DEFENDANT FRANCO, AS A DEFENDANT, IN THE MATTER OF MAHAGO V. GONZALES, 2012 U.S. LEXIS 131579, HAD PROMOTED TO A CORRECTIONAL SERGEANT, AND, ASSIGNED TO NORTH KERN STATE PRISON.

(6) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 DEFENDANT FRANCO, CAME OUT TO THE SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT BUS, AS A NEWLY COMMITTED INMATE, PLAINTIFF ADVISED DEFENDANT FRANCO, THAT PLAINTIFF WAS STILL A GENERAL POPULATION INMATE.

(7). THE INMATES ARE PROCESSED THROUGH NORTH KERN STATE PRISON- RECEIVING AND RELEASE (R&R).

(8) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 DEFENDANT FRANCO CALLED MEMBERS OF THE NKSP-ISU/IGI UNITS, ADVISED THEM TO ORDER PLAINTIFF'S PLACEMENT INTO ADMINISTRATIVE SEGREGATION UNIT (ASU), DUE TO PLAINTIFF'S FALSE AND MISLEADING VALIDATION AS AN ALLEGED ASSOCIATE OF THE STG I- BLACK GORILLA FAMILY (BGF).

(9) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 DEFENDANTS QUINTERO, FRANCO, FELIX, LONGLY, JENSEN, AYALA, TANGEN, PHILPOTT, AND DOES (1) THROUGH (20) KNEW OR SHOULD HAVE KNOWN THAT, PLAINTIFF, DID NOT ADVISE THEM THAT, PLAINTIFF HAD ANY ENEMY / SAFETY CONCERNS AT NORTH KERN STATE PRISON (NKSP), AND, DEFENDANTS WOULD BE IN VIOLATION OF ASHKER, ET. AL V. GOVERNOR OF THE STATE OF CALIFORNIA (SETTLEMENT AGREEMENT DATED: AUGUST 31, 2015), CASE NO. C-09-05796 CW, BASED ON PLAINTIFF'S ALLEGED VALIDATION.

5.

Scanned at CDCR and E-Mailed
on  9/30/21  by  J.K
     (date)        (initials)
Number of pages

(10) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 DEFENDANT QUINTERO, ISSUED PLAINTIFF, A FALSE AND MISLEADING CDCR-114-D, WHICH CONTAINED ABSOLUTE "LIES" AND "FALSEHOODS", WHICH STATES IN RELEVANT PART:

> • INMATE MANAGO BN4545 ARE BEING PLACED IN ADMINISTRATIVE SEGREGATION (AD SEG) ON THIS DATE 4-20-2021 ON THIS DATE, YOU INMATE MANAGO BN4545 ARE BEING PLACED IN ADMINISTRATIVE SEGREGATION. YOU ARRIVED FROM SAN BERNARDINO COUNTY JAIL (SBCJ) TO NORTH KERN STATE PRISON, DURING INTAKE PROCESSING THE INSTITUTIONS STRATEGIC OFFENDER MANAGEMENT SYSTEM (SOMS) REVEALED THAT YOU HAVE A DESIGNATED MAX CUSTODY LEVEL. FURTHERMORE, INMATE MANAGO IS VALIDATED STG I- BLACK GORILLA FAMILY.

(11) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021, DEFENDANTS QUINTERO, FRANCO AND DOES (1) THROUGH (20), DID MANUFACTURING LIES, BY CONTINUING TO CLAIM THAT PLAINTIFF IS AN ALLEGED ASSOCIATE OF THE STG I, "BLACK GORILLA FAMILY", WHO CDCR-PRISON OFFICIALS HAS "CRIPS" AND "BGFS" DOCUMENTED (AS A RIVAL PRISON/STREET GANG), ACCORDING PRISON SPOKESMAN CORRECTIONAL LIEUTENANT AL DEINES AT PELICAN BAY STATE PRISON. WHICH IS EVIDENT OF DEFENDANTS UNSUBSTANTIATED CLAIMS.

(12) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 DEFENDANTS QUINTERO, FRANCO, FELIX, LOMELY, AYALA, AND DOES (1) THROUGH (20) KNEW OR SHOULD HAVE KNOWN THAT (1) PLAINTIFF'S "HIGH SECURITY" INMATE CHRONO FROM SAN BERNARDINO COUNTY JAIL, HAD PLAINTIFF IDENTIFIED AS A SELF-ADMITTED MEMBER OF THE "PROJECT WATTS CRIPS" (STREET GANG). (2) PLAINTIFF'S PROBATION REPORT, IDENTIFIED PLAINTIFF AS A MEMBER OF THE PROJECT WATTS CRIPS. AND (3) PLAINTIFF'S COURT REPORTERS TRANSCRIPTS, CASE NO. FVI17003316, BEFORE SUPERIOR COURT JUDGE B. STODGHILL, HAS PLAINTIFF IDENTIFIED AS A "CRIP" MEMBER. (SEE: CCR. TIT. 15 SECTION 3378 (CC)(A) "SELF ADMISSION")

(13) PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 DEFENDANTS, KNEW OR SHOULD HAVE KNOWN THAT PLAINTIFF, ONLY HAVE "CRIP" RELATED TATTOOS ON HIS BODY, AND NO "BGF" PRISON GANG RELATED TATTOOS ON PLAINTIFF'S BODY. WHICH PROVE PLAINTIFF'S MEMBERSHIP WITHIN THE CRIPS. (CCR. TIT. 15. SEC 3378 (CB) "TATTOOS AND "SYMBOLS.")

Scanned at CDCR and E-Mailed
on 9/30/21 by J.K
(date)          (initials)
Number of pages scanned: 25

(14) PLAINTIFF ALLEGES THAT, ON APRIL 20,2021, DEFENDANTS QUINTERO, FRANCO, FELIX, LOMELY, AYALA, AND TANGEN KNEW OR SHOULD HAVE KNOWN THAT PLAINTIFF HAS NEVER DROPPED OUT OR, DEBRIEFED TO CDCR-PRISON OFFICIALS, IN ORDER TO DISASSOCIATE HIMSELF FROM THE PROJECT WATTS CRIPS AS EVIDENT FROM DEFENDANTS QUINTERO AND TANGEN ALLEGATIONS FOR PLAINTIFF'S PLACEMENT IN ASU.

(15) PLAINTIFF ALLEGES THAT ON APRIL 20,2021 THROUGH APRIL 29, 2021 DEFENDANTS QUINTERO, FRANCO, TANGEN, FELIX, LOMELY, AND AYALA, VIOLATED PLAINTIFF'S DUE PROCESS BY THEIR FAILURE TO PROVIDE PLAINTIFF WITH A FAIR NOTICE FOR PLAINTIFF'S PLACEMENT IN TO NKSP-ASU, DEFENDANTS PROVIDED PLAINTIFF WITH NO CONFIDENTIAL INFORMATION DISCLOSURE FORMS,' NO VALIDATION PACKAGE, OR A CDCR-128-B INFORMATIONAL CHRONO ABOUT THE ASHKER (SETTLEMENT AGREEMENT), AS REQUIRED BY STATE AND FEDERAL LAW.

(16) DEFENDANTS TANGEN, FELIX, QUINTERO, LOMELY, AYALA, PHILPOTT, FRANCO TO ENSURE THAT, ON APRIL 21,2021 PLAINTIFF WAS ASSIGNED AN INVESTIGATIVE EMPLOYEE (IE), TO COLLECT EVIDENCE AND CONDUCT INTERVIEWS OF WITNESS, IN VIOLATION OF CCR. 15. SECTION 3335 (B)(1); AND ASHKER V. GOVERNER, ETAL, CASE NO. 09-05796 CW

(17) PLAINTIFF ALLEGES THAT, ON APRIL 25,2021, PLAINTIFF FILED A INMATE APPEAL LOG NO. 000000 111847, ALLEGING THAT.'

- I AM ANNEXING THE FACT THAT, ON APRIL 21,2021, THE FACILITY CAPTAIN ISSUED MANAGO AN ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE, WHICH CONTAIN "FALSE & AND "MISLEADING INFORMATION," IN DIRECT VIOLATION OF CALIFORNIA PENAL CODE SECTIONS! 132; 134, 182, CALIFORNIA GOVERNMENT CODE SECTIONS! 8547.1 - 8547.2 (A), (B) AND (C) AND CDCR-ZERO TOLERANCE REGARDING THE "CODE OF SILENCE" BASED ON THE FOLLOWING REASONS!

- IN DECEMBER 2009, INMATE MANAGO WAS SUBJECTED TO A FALSE VALIDATED STG-I BLACK GORILLA FAMILY (BGF), AS A FORM OF RETALIATION FOR HAVING THREE (3) CORRECTINAL STAFF TERMINATED FROM (CDCR). AFTER AN OFFICE OF INTERNAL AFFAIRS (OIA) INVESTIGATION: (WHICH IS CURRENTLY THE SUBJECT OF LITIGATION).

- MANAGO IS A SELF ADMITTED AND VALIDATED MEMBER OF THE PROJECT WATTS (CRIP.) MANAGO NEVER DROPPED OUT, OR DEBRIEFED FROM SAID STREET GANG, SINCE 1975. TO PRESENT,

Scanned at CDCR and E-Mailed
on  9/30/21  by  J.K
(date)          (initials)
Number of pages scanned: 25

• MANAGO ALLEGES THAT, ON APRIL 21,2021, THE D-FACILITY CAPTAIN VIOLATED MANAGO'S, DUE PROCESS RIGHT, PURSUANT TO THE ADMINISTRATIVE REVIEW, BY NOT ALLOWING MANAGO TO HAVE AN I.E. OFFICER AND PRESENT WITNESSES FOR ICC HEARING.

(18) PLAINTIFF ALLEGES THAT, ON APRIL 29,2021, DEFENDANTS SANTORO, DRAKE, FELIX, LONELY, MACIEL, AND MAGALLANES CONDUCTED AN INSTITUTION CLASSIFICATION COMMITTE (ICC) HEARING FOR AN INITIAL ASU REVIEW,

(19) AT THIS TIME, PLAINTIFF REQUESTED TO BE RELEASED TO NORTH KERN STATE PRISON - GENERAL POPULATION (GP) - B-FACILITY.

(20) DEFENDANT SANTORO ASKED PLAINTIFF, IS HE "GP" AND PLAINTIFF ADVISED SANTORO, "YES."

(21) DEFENDANTS SANTORO, DRAKE, LONELY, MACIEL, FELIX AND MAGALLANES ADVISED PLAINTIFF THAT, "THEY HAVE SUBSTANTIATED "CONFIDENTIAL INFORMATION" THAT PLAINTIFF WAS AN ALLEGED TARGET FOR ASSAULT/ MURDER, INVOLVING CORRECTIONAL STAFF AND/OR INMATES.

(22) PLAINTIFF ASKED TO BE RELEASED TO NORTH KERN STATE PRISON B-FACILITY, DUE TO THE FACT THAT, ON APRIL 29,2021, DEFENDANTS DID NOT ALLEGE THAT, PLAINTIFF HAD A DOCUMENTED ENEMY AT NKSP.

(23) DEFENDANTS SANTORO, DRAKE, MACIEL, MAGALLANES, FELIX AND LONELY ASKED PLAINTIFF, IF PLAINTIFF WANTED TO BE PLACED IN SNY, PLAINTIFF STATED NO, NEVER, ADDITIONALLY DEFENDANTS ASKED PLAINTIFF WHERE HE COULD PROGRAM. PLAINTIFF ADVISED THEM THAT, HE COULD PROGRAM ANYWHERE.

(24) DURING SAID ICC HEARING, ON APRIL 29,2021 DEFENDANTS SANTORO, DRAKE, MACIEL, MAGALLANES, FELIX AND LONELY, AT THIS POINT DID NOT PROVIDE PLAINTIFF WITH ANY FORM OF DOCUMENTATION, SUCH AS CDCR-1030 CONFIDENTIAL INFORMATION DISCLOSURE FORMS, OF THE ALLEGED DEATH THREATS.

(25) PLAINTIFF ALLEGES THAT ON APRIL 29, 2021 DEFENDANTS SANTORO, DRAKE, MACIEL, MAGALLANES, FELIX AND LONELY, THE ICC HEARING WAS INFORMATIVE, BUT THEY LACKS SPECIFIC DETAILS ABOUT THIS "CRIMINAL CONSPIRACY", INCLUDING DATES, PERSONS INVOLVED, WITNESSES AND OTHER RELEVANT INFORMATION.

Scanned at CDCR and E-Mailed
on 9/30/21 by J.L.
(date)        (Initials)
Number of pages scanned: 25

Scanned at CDCR and E-Mailed on 9/30/21 by SC
(date)        (initials)
Number of pages scanned: 25

Case 1:21-cv-01464-AWI-HBK   Document 1   Filed 09/30/21   Page 9 of 25

(26) Plaintiff alleges that, on April 29, 2021, the information, provided by defendants Santoro, Drake, Maciel, Magallanes, Felix and Lonely at ICC, was too vague for plaintiff to accurately assess the alleged "criminal conspiracy", involving correctional staff at (1) California State Prison-Sacramento, (2) California Correctional Institution, and (3) Corcoran State Prison.

(27) Plaintiff alleges that, on April 29, 2021 defendants Santoro, Drake, Maciel, Magallanes, Felix and Lonely claimed that, they could substantiate their allegations that, plaintiff was a target for assault and/or murder, for providing testimony against officer Mary R. Brockett for "sex crimes", and reporting psych tech Nate Clair, for his drug crimes and conspiracy to have members of the public murdered, by correctional staff and inmates.

(28) Defendants Santoro, Drake, Maciel, Magallanes, decided to retain plaintiff in NKSP-ASU pending an institutional gang investigation (IGI) interview and RC casework.

(29) Plaintiff alleges that, on April 29, 2021, defendants Santoro, Jensen, Felix, Lonely, Hixton, Jeter, Tanguay, Quintero, Philpott, Drake, Franco, Magallanes, Maciel, Ayala, and Does (1) through (20) knew about other correctional staff, involved in a "criminal conspiracy" to "setup" plaintiff to be assaulted and/or murdered, as a form of retaliation for reporting officer Brockett and psych tech Nate Clair's criminal activity at CSP-SAC and SVSP, and defendants, failed to arrest said staff and/or their inmate task force (ITF) inmates

(30) Plaintiff alleges that, on May 14, 2021, plaintiff filed a inmate appeal log No. 000000119060, alleging that, on April 29, 2021 plaintiff was retained in Ad-Seg, based on retaliation, which states as follows:

- On April 29, 2021 inmate Manago appeared before (ICC) warden Kelly Santoro asked Manago, is she general population, and Manago advised her "yes" inmate Manago is currently being housed in Ad-Seg unit, as a form of retaliation and retribution, for Manago now pending lawsuits against Corcoran State Prison officials, for allegations of (1) illegal retain in (SHU), based on a false and misleading gang validation, as being wrongfully validated as an alleged associate of the BGF prison gang, in violation of California

Penal Code Sections: 118.1, 132, 134 and 141 Entitled, MAHANGO V. D. DAVEY, ET.AL, Case No. 1:16-CV-00389-GSA (PC), and the CDCR-Zero Tolerance Regarding the "Code of Silence"

- Inmate Mahango Alleges that, on April 29, 2021 Warden (C, Santoro and Does (1) through (20), Failed to Exercise the Proper Authority, by protecting Inmate Mahango's, Due Process Rights, to Have a Fair Hearing - 114-D, Placed in Ad-Seg for Mahango's Legal Activities (See: 3336, 3337, 3338 and 3389)

- Specifically, Mr. Mahango Alleges: (1) Deliberate Indifference to Serious Medical Needs, (2) Retaliatory Transfers and (3) Retaliation for the purpose of Obtaining Rectification and Calling to Account the Failure of Proper Exercise of Authority from April 20, 2021 to present.

(31) Plaintiff Alleges that, Defendants Santoro, Hixon, Jeter, Jensen, Felix, Lomely, and Ayala, on April 29, 2021, had positively Identified CSP-Sacramento-Staff and Corcoran State Prison-Staff, Been Involved in an Alleged "Criminal Conspiracy" with Alleged Members/Associates of STG-I-8GFS and STG-II-CRIPS to Murder Plaintiff, for his Testimony Against Corrupted Correctional Staff at CSP-SAC and SVSP. and, Defendants Failed to Protect Plaintiff from said Retaliation, in Violation of CCR.T.iT. 15 Sections: 3004, 3321, 3335, and 3401.5(F) and (G)

(32) Plaintiff Alleges that, on April 29, 2021 Defendants Santoro, Drake, Hixon, Jeter, Jensen, Felix, Lomely, and Does (1) through (20) Knew that, Plaintiff Did not Advise Defendants that, Plaintiff had any Forms of Enemy/Safety Concerns at North Kern State Prison-General Population, and Plaintiff Requested to be Released to (GP).

(33) Plaintiff Alleges that, on April 20, 2021 through June 1, 2021, Defendants Santoro, Hixon, Jeter, Drake, Jensen, Felix, Lomely, Franco, Tangen, Quintero, Philpott, Magallanes, Maciel, Reynoso, and Williams, Did not Allege that, Plaintiff had an Alleged Documented Enemy at NKSP, As Evident from their Classification Committee Chrono Dated April 29, 2021 and June 3, 2021

10.

Scanned at CDCR and E-Mailed

on __9/30/21__ by __J.C.__

(date)        (initials)

Number of pages scanned: 25

34. PLAINTIFF ALLEGES THAT ON APRIL 20, 2021 THROUGH JUNE 3, 2021 DEFENDANTS SANTORO, HIXON, JETER, DRAKE, JOHNSON, FELIX, LOMELY, TANGEN, FRANCO, QUINTERO, PHILPOTT, MAGALLANES, MACIEL, REYNOSO, AND WILLIAMS, VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS, UNDER CCR, TIT. 15 SECTION 3335, "AS (A NON DISCIPLINARY INMATE). DEFENDANTS ELECTED TO DENY PLAINTIFF : NON DISCIPLINARY PRIVILEGES, WHICH IS EVIDENT OF RETALIATION AND RETRIBUTION

35. PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 THROUGH JUNE 3, 2021, DEFENDANTS SANTORO, HIXON, JETER, DRAKE, JOHNSON, FELIX, LOMELY, TANGEN, FRANCO, QUINTERO, PHILPOTT, DRAKE, MAGALLANES, MACIEL, REYNOSO, AND WILLIAMS KNEW OR SHOULD HAVE KNOWN THAT, THE CCR. TIT. 15. SECTION 3341.6 (D) PROVIDES THAT :

- A VALIDATED STG AFFILIATE WHO PREVIOUSLY PAROLED OR WAS DISCHARGED WITH MAX CUSTODY FROM THE SHU STEP DOWN PROGRAM (SDR) OR ASU DUE TO HIGH CONTROL RELEASE AND IS RETURNED TO CDCR'S CUSTODY SHALL BE ADDRESSED AS FOLLOWS:

  (1) THE INMATE WILL BE PLACED IN ASU AND AFFORDED ALL PROCEDURAL SAFEGUARDS FOR SEGREGATED INMATES

  (2) IF THE INMATE HAS BEEN DISCHARGED / PAROLED FROM CDCR FOR MORE THAN 5 YEARS OR IF HE IS RETURNING WITH A NEW CDCR NUMBER, HE SHALL NOT BE REQUIRED TO COMPLETE THE SDP AND WILL BE REFERRED TO ICC FOR APPROPRIATE HOUSING, DEFENDANTS VIOLATED THE ABOVE STATED SAFEGUARDS FOR PLAINTIFF, WHICH IS EVIDENT OF RETALIATION AND RETRIBUTION

36. PLAINTIFF ALLEGES THAT, ON APRIL 20, 2021 THROUGH JUNE 3, 2021 DEFENDANTS SANTORO, HIXON, JETER, DRAKE, JOHNSON, FELIX, LOMELY, TANGEN, FRANCO, QUINTERO, PHILPOTT, MAGALLANCES, AND MACIEL, FAILED TO ENSURE THAT PLAINTIFF WAS PROVIDED WITH ASHKER V. GOVERNMENTAL (SETTLEMENT AGREEMENT) DATED, AUGUST 31, 2015, AS REQUIRED BY LAW, WHICH IS EVIDENT OF RETALIATION AND RETRIBUTION

//.

Scanned at CDCR and E-Mailed

on   9/30/21   by   J.L

(date)          (initials)

Number of pages scanned: 25

37. Plaintiff alleges that, on April 29, 2021 through June 3, 2021 defendants Santoro, Nixon, Jeter, Drake, Quintero, Franco, Jensen, Felix, Lomely, Philpott, Magallanes, and Maciel, retained plaintiff in the NKSP-ASU, in part based on a false prison gang validation, as an alleged associate of the BGF prison gang.

38. Plaintiff alleges that, on April 29, 2021 through June 3, 2021, this was done in retaliation, because defendant Franco, had advised defendants of plaintiff's willingness to report staff criminal activity, file grievances and assist the office of internal affairs with criminal investigations.

39. Plaintiff alleges that, on April 29, 2021 through June 3, 2021, defendants Santoro, Nixon, Jeter, Drake, Jensen, Felix, Lomely, Philpott, Magallanes, Franco, and Maciel knew that, on April 26, 2021 plaintiff did not pose a threat to the safety and security of the institutions, and they knew that plaintiff has stopped various "major security threats" at CSP-Sacramento; Salinas Valley State Prison, and High Desert State Prison, involving corrupt correctional staff, such as officer Mary Brockett's "sex crimes", hate claim is "drug crimes", and officer J. Cole's "criminal conspiracy to commit murder."

40. Plaintiff alleges that, on April 29, 2021 to present, plaintiff began an investigation into defendants, Santoro, Nixon, Jeter, Drake, Jensen, Felix, Franco, Lomely, Philpott, Magallanes, Maciel, Ayala, and Does (1) through (20), activities at NKSP, and plaintiff's investigation has revealed that defendants, were using the classification process, to facilitate some of the inmate-on-inmate violences at NKSP.

41. Plaintiff alleges that, defendants Santoro, Nixon, Jeter, Drake, Felix, Franco, Jensen, Felix, Ayala, Lomely, Philpott, Magallanes and Does (1) through (20), facilitated these attacks by labeling some inmates as "snitches" and allow some "dangerous" inmates uncontrolled access within the NKSP along with access to "dangerous" contraband for making weapons

Scanned at CDCR and E-Mailed on 9/30/21 by JL
(date)   (initials)
Number of pages scanned: 25

42. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021 THROUGH JUNE 3, 2021, DEFENDANT SANTORO, JETER, DRAKE, PHILPOTT, JENSEN, FELIX, AYALA, LOMELY, FRANCO, MAGALLANES, AND MACIEL, WERE AWARE THAT MEMBERS OF CALIFORNIA STATE PRISON-SACRAMENTO; CALIFORNIA CORRECTIONAL INSTITUTION(CCI) AND CORCORAN STATE PRISON, KNEW ABOUT AN ALLEGED "HIT" ON PLAINTIFF, INVOLVING CORRECTIONAL STAFF AND INMATE TASK INMATES (IFF), AND DEFENDANTS WERE COMPLICITY TO CONCEAL SAID CRIMINAL CONSPIRACY ON APRIL 29, 2021; AND JUNE 3, 2021, BY DEFENDANTS SANTORO, DRAKE AND JETER, PREPARING FALSE AND MISLEADING CDCR-128(G).

43. PLAINTIFF ALLEGES THAT, ON JULY 1, 2021, PLAINTIFF PREPARED A LETTER ADDRESSED TO DEFENDANT S. JENSEN, ENTITLED: "REQUESTING FOR A CRIMINAL INVESTIGATION," WHICH STATES AS FOLLOWS:

- DEAR LT. S. JENSEN:

   I AM WRITING TO YOU CONCERNING THE ABOVE STATED MATTER, SEEKING A "CRIMINAL INVESTIGATION," PURSUANT TO CALIFORNIA PENAL CODE SECTIONS: 31, 82, 127, 182, 134, AND 182, AGAINST (1) J. JETER, CHAIR PERSON; CCII, D. DRAKE; CCII, D. MACIEL AND CCI A. MAGALLANES, FOR PREPARING FALSE INFORMATION WITH THEIR CLASSIFICATION COMMITTEE CHRONOS, WITH THE INTENTIONS, TO CONCEAL THEIR ~~━━━━━━━━~~ ACT OF RETALIATION AND RETALBUTION FOR VIOLATING CCR. TIT. 15, SECTION 3401.5(F) AND PREA VIOLATION ON APRIL 20, 2021, THROUGH PRESENT.

   THIS "WHISTLEBLOWER" SEEK'S TO BRING TO THE ATTENTION OF THE STATE OF CALIFORNIA DOCUMENTATION OF PREA ABUSE, MISDEEDS, AND CORRUPTION, FOR THE PURPOSE OF OBTAINING RECTIFICATION AND CALLING TO ACCOUNT THE ONGOING FAILURE TO PROPER EXERCISE OF AUTHORITY BY THE WARDENS OFFICE.

   SPECIFICALLY, MR. MANAGO ALLEGES: ON APRIL 20, 2021 TO PRESENT, THE WARDEN, CHIEF DEPUTY WARDEN, CAPTAIN, LIEUTENANT AND SERGEANT, FAILED TO PROVIDE LEADERSHIP, SUPERVISION AND SUPPORT TO NKSP-OFFICIALS AND CORRECTIONAL STAFF, TO ENSURE THAT RULES, POLICIES, PROCEDURES, AND PROTOCOLS WERE PROPERLY BEING ENFORCED, PRIOR TO INMATE MANAGO PLACEMENT INTO NKSP-ASU, IN VIOLATION OF PREA AND 3401.5(F)

13.

Scanned at CDCR and E-Mailed

on 9/30/21 by J-ic
_____   _____
(date)                    (initials)

Number of pages scanned: 25

MANAGO ALLEGES THAT, AT ALL TIMES RELEVANT MENTIONED, MANAGO TESTIFIED AGAINST FORMER CORRECTIONAL OFFICER MARY R. BROCKETT FOR HER ACTS OF COMMITTING "SEX CRIMES" AGAINST MANAGO AND OTHER BLACK INMATES, WHICH RESULTED IN HER TERMINATION AT CALIFORNIA STATE PRISON-SACRAMENTO, AND SOME CORRECTIONAL STAFF, BEGAN SENDING "DEATH THREATS", TO MANAGO IF, MANAGO TESTIFIED, AGAINST OFFICER BROCKETT.

## STATEMENT OF FACTS

1. ON APRIL 26, 2021 MANAGO ARRIVED AT NORTH KERN STATE PRISON, FROM SAN BERNARDINO COUNTY JAIL AT WEST VALLEY DETENTION CENTER (WVDC) WITH SERIOUS INJURIES; AND (ISU) HAD MEDICAL STAFF, TO PREPARE A CDCR-7219, BUT FAILED TO ALLOW A MEDICAL DOCTOR, TO CONDUCT A FULL MEDICAL EXAMINATION, AS REQUIRED BY STATE AND FEDERAL LAW,

2. ON APRIL 26, 2021, WHEN MANAGO ARRIVED AT NKSP, MANAGO HAD NO DOCUMENTED ENEMIES AT THIS PRISON, LISTED ON MANAGO'S CDC-812, WHICH WOULD HAVE PREVENTED MANAGO'S RELEASE TO B-FACILITY AT NKSP,

3. IT APPEARS THAT NKSP-OFFICIALS CONSPIRED WITH DEPUTIES, TO CONCEAL THE SERIOUSNESS OF MANAGO'S PHYSICAL INJURIES, ON APRIL 26, 2021, AS EVIDENT FROM THE CDCR-7219, AND HIDING MANAGO IN (ASU), BASED ON ABSOLUTE LIES AND FALSEHOODS,

4. ON APRIL 26, 2021, MANAGO ARRIVED AT NKSP, AS A RC-INMATE, WITHOUT A SHU-TERM, AND MANAGO DIDN'T ADVISE CUSTODY STAFF THAT, HE HAD ANY FORM OF "SAFETY CONCERNS" AT THIS PRISON, AND MANAGO, SHOULD HAVE BEEN RELEASED TO GENERAL POPULATION- B-FACILITY, PURSUANT TO CCR. TIT. 15, SECTION 3375, CLASSIFICATION PROCESS; 3375-1 INMATE PLACEMENT, 3375.3 CDCR CLASSIFICATION SCORE SHEET, CDCR FORM 839 CALCULATION AND OTHER POLICIES,

5. ON APRIL 26, 2021, LT. I, QUINTERO, ISSUED MANAGO AN "ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE, FALSELY ASSERTING THAT (1) PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS, (2) JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

6. IT SHOULD BE NOTED THAT, ON APRIL 26, 2021, LT. I, QUINTERO NEVER SPOKE WITH MANAGO, AND LT. HAD ANOTHER OFFICER, BRING MANAGO SAID CDCR-114-D AND 'SIGN IT,

14,

Scanned at CDCR and E-Mailed
on  9/30/21  by  J.K
    (date)         (initials)
Number of pages scanned

7. ON APRIL 29, 2021, MANAGO APPEARED BEFORE ICC, BEFORE WARDEN R. SANTORO, CCII O. DRAKE, CCI O. MACIEL, CCI A. MAGALLANES, SGT. J. FELIX, SGT. B. LOMELY AND OTHERS, WERE PRESENT.

8. AT NO TIME, PRIOR TO ICC, DID MANAGO SPEAK WITH CCI. O. MACIEL OR CCI. A. MAGALLANES, AS THEY FALSELY REPORTED IN THE COCR-128(G) DATED 5-3-2021,

9. MANAGO WAS PLACED INTO ASU ON APRIL 20, 2021, BASED ON FALSE ALLEGATIONS THAT, MANAGO IS VALIDATED AS A MEMBER OF THE STG-I IDENTIFIED AS 86F, WHICH WAS FALSE. MANAGO NEVER BEEN VALIDATED AS AN ALLEGED MEMBER OF THE 86F, AS ICC ALLEGED, (FALSE REPORT)

10. MANAGE ALLEGES THAT, ON APRIL 29, 2021 WARDEN R. SANTORO, CCII, O. DRAKE, CCI. O. MACIEL, SGT. J. FELIX, SGT. B. LOMELY AND CCI, A. MAGALLANES, KNEW OR SHALL HAVE KNEW THAT, ON APRIL 20, 2016, MANAGO, DID NOT INFORM CUSTODY STAFF OR LOCALIZED FACILY CONCERNS, AT SAC, AS THEY FALSELY REPORTED ON 5-3-2021, THE INSPECTOR GENERAL'S OFFICE, CONTACTED CSP-SACRAMENTO, DUE TO THE FACT THAT, THEY WERE FULLY AWARE OF THE BROCKETT INVESTIGATION,

11. ICC NOTED THAT, ON MAY 15, 2016 CORRECTIONAL OFFICER R. PRATHER, PREPARED A CONFIDENTIAL MEMORANDUM, DOCUMENTED "SAFETY CONCERNS" LOCALIZED TO SAC,

12. MANAGO WAS NOT PROVIDED WITH TIMELY NOTICE THAT, ON APRIL 29, 2020, THAT THERE WAS ALLEGED "ENEMY CONCERN" AT WSP, WHICH VIOLATED DUE PROCESS,

13. LT. I. QUINTERO NEVER ADVISED MANAGO THAT, THERE WERE ALLEGED "SAFETY CONCERNS" ON APRIL 20, 2021, RELATING TO THE OFFICER BROCKETT INVESTIGATION,

14. LT. QUINTERO ISSUED MANAGO, "NO COCR-1030'S" WHICH SUPPORT HIS ACTIONS, AND CAPTAIN, DENIED MANAGO'S RIGHT TO CALL WITNESSES, AND, HAVE A FAIR NOTICE,

15. ON MAY 5, 2021, E. REYNOSO, ISSUED HIS APPROVAL TO RETAIN MANAGO,

16. MR. MANAGO ALLEGES THAT, ON JULE 1, 2021, LT. R. PHILPOTT, AND CCII. O. DRAKE ISSUED MANAGE, A NEW ASU PLACEMENT NOTICE, AND THEY MANAGO ADVISED LT. PHILPOTT, THAT MANAGO IS REQUESTING A "INVESTIGATIVE EMPLOYEE" (IE), IN ORDER FOR MANAGE TO BE PREPARED FOR ICC, PURSUANT TO CCR, SECTION 3335 (B) (I), AND LT. PHILPOTT, FAILED TO PROVIDE MANAGO WITH THE ALLEGED 1030'S,

15.

Scanned at CDCR and E-Mailed
on 9/30/21 by J.C
(date)        (initials)
Number of pages scanned: 25

17. AFTER LT. PHILPOTT ISSUED MANAGO, A COPY OF THE NEW LOCK UP, THE CAPTAIN J. TANGCH, NEVER CAME TO SPEAK WITH MANAGO, AS REQUIRED,

18. ON JUNE 4, 2021, CHAIR PERSON J. JETER, CCII O. DRAKE, AND CCI O. MACIEL, CONDUCTED AN ICC HEARING, AFTER MANAGO REFUSED TO ATTEND,

19. MR. MANAGO ALLEGES THAT, CHAIR PERSON J. JETER, CCII O. DRAKE AND CCI O. MACIEL, PREPARED = FALSE STATEMENTS, ON ALLEGING THAT:

    1. ALLEGING THAT, MANAGO IS VALIDATED AS A MEMBER OF THE BGF-PRISON GANG,

    2. SERGEANT J. DELA CRUZ, IDENTIFIED NO SPECIFIC ENEMIES THROUGH THE COURSE OF THE INVESTIGATION, AND

    3. MANAGO DID NOT HAVE ANY CONVERSATION WITH CCII O. DRAKE; CCI O. MACIEL, OR ANYONE ELSE, AFTER (ICC) WHICH FALSE AND MISLEADING STATEMENTS

20. ON JUNE 16, 2021, E. WILLIAMS, APPROVED THE ASU RETENTION BASED BASED ON FALSE AND MISLEADING INFORMATION, AS EVIDENT FROM COCR-128 (G) DATED: 5-3-21, AND COCR-128 (G), DATED: 6-4-21

21. LT. S. TANGCH, YOUR CORRECTIONAL STAFF, ADVISED MANAGO THAT, THEY HAVE EVIDENCE OF AN ALLEGED CRIMINAL CONSPIRACY AGAINST MANAGO, INCLUDING TO CAUSE AN ASSAULT/MURDER MANAGO

22. MANAGO WANT TO PROSECUTE ALL THE CORRECTIONAL STAFF, INVOLVED IN SAID CRIMINAL CONSPIRACY, INCLUDING CON-STAFF AND CSR SAC STAFF, AS EVIDENT, BY THE FOLLOWING, DOCUMENTATION, WHICH ARE AS FOLLOWS:

    • CONFIDENTIAL MEMORANDUM, DATED: MARCH 10, 2016, BY IGI. S. SLIMP,
    • CONFIDENTIAL MEMORANDUM, DATED: MAY 15, 2016,
    • COCR-128 (G) DATED: 5-3-2021, R. SANTORO, WARDEN,
    • COCR-128 (G) DATED: 6-4-2021, CHAIR PERSON J. JETER,
    • COCR-114-D, DATED: 4-20-2021, BY LT. I. PHILTORO,
    • COCR-114-D, DATED: 6-1-2021, BY PHILPOTT

Scanned at CDCR and E-Mailed
on __9/30/21__ by __J.K__
(date)    (initials)
Number of pages scanned: 25

16.

IT SHALD BE NOTED THAT, MEMBERS OF THE INSPECTOR GENERAL
AND FEDERAL OFFICIALS, ARE AWARE THE CONFIDENTIAL
MEMORANDUM DATED, 5-15-2016,

FURTHERMORE, MEMBERS OF MY CIVIL DEFENSE TEAM HAS A COPY
OF OFFICER R. PRATMANS CONFIDENTIAL MEMORANDUM, DATING BACK,
AS FAR AS 2016-2017

LT. JENSEN AND FEDERAL OFFICIALS, DISCLOSED SAID MEMORANDUM
TO ME, WHEN I WAS ON PAROLE, DUE TO THE SERIUS NATURE.
YUR STAFF, SHALD NOT ATTEMPT, TO ASSIST WARDEN D. DAVEY,
AND CSP-SAC, INCLUDING CCI, WITH ATTEMPTING TO CONCEAL
A CONSPIRACY TO "COVER UP" MALFEASANCE,

THANK YOU FOR YOUR ATTENTION REGARDING THIS MATTER, I LOOK
FORWARD TO YOUR RESPONSE, AS TO WHETHER OR NOT, YOU WILL
OPEN AN INVESTIGATION OR NOT.

CC: ROBERT R. MCKERNAN                    RESPECTFULLY SUBMITTED
     ATTORNEY AT LAW                      BY: _____
     KIRT J. HOPSON                           STEWART MANAGO, ON 4545
MANAGO'S FAMILY ATTORNEY
INSPECTOR GENERAL'S OFFICE

44, PLAINTIFF ALLEGES THAT, ON JULY 1, 2021 PLAINTIFF FILED
A INMATE APPEAL LOG NO. 000000138745, ENTITLED: NKSP-OFFICIALS
RETALIATION BY RETAINING MANAGO IN A5A-UNIT, WHICH ALLEGES
AS FOLLOWS:

   • THIS IS A CITIZEN COMPLAINT AGAINST WARDEN R. SANTORO, CCII
     D. DRAKE, LT. PHILPOTT, CCI, D. MACIEL, AND DOES (1)
     THROUGH (10), ON JUNE 3, 2021, NKSP-PRISON STAFF, RETALIATED
     AGAINST MANAGO AT (NKSP) BY RETAINING IN (A5A) BECAUSE
     OF HIS GRIEVANCES AND CIVIL LITIGATION, ETITLED: MANAGO V.
     DAVEY, ET. AL.

   MANAGO ALLEGES THAT, ON MAY 27, 2021, AFTER FEDERAL COURT
   ADVISED WARDEN R. SANTORO, TO PREPARE MANAGO FOR A
   "SETTLEMENT CONFERENCE" ON JULY 22, 2021

   DEFENDANTS RETAINED MANAGO IN "A5A" BEGINNING ON
   APRIL 20, 2021, BASED IN PART ON A FALSE REPORT PLAINTIFF
   WAS VALIDATED MEMBER OF THE BGF-PRISON GANG.

   MANAGO ALLEGES THAT, HE WAS RETALIATED AGAINST AND A54,
   BECAUSE HE FILED A CIVIL ACTION (1) MANAGO V. WILLIAMS,
   AND (2) MANAGO V. DAVEY, AND BECAUSE OF MANAGO'S

17.

Scanned at CDCR and E-Mailed
on _9/30/21_ by _J.K_
   (date)        (initials)
Number of pages

WILLINGNESS TO REPORT CORRECTIONAL STAFF CRIMINAL ACTIVITY, FEC GRIEVANCES AND ASSIST THE OFFICE OF INTERNAL AFFAIRS WITH CRIMINAL INVESTIGATIONS

MANAGO ALLEGES THAT, WARDEN R. SANTORO, SERGEANT FRANCO, LIEUTENANT I. QUINTERO, LIEUTENANT R. SANTORO, SERGEANT FRANCO, CCI. O. MACIEL, SGT. B. LOMELY R. PHILPOTT, CCII. O. DRAKE, CONSPIRED TO RETAIN MANAGO IN "ASU" BASED ON UNSUBSTANTIATED CLAIMS OF BGF-PRISON GANG ACTIVITY AND MANAGO'S REPORTS OF STAFF SEX CRIMES"

45. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021 THROUGH JULY 1, 2021 DEFENDANTS SANTORO, HIXON, JETER, DRAKE, PHILPOTT, MAGALLANES, MACIEL, AND DOES (1) THROUGH (10) VIOLATED PLAINTIFF CONSTITUTIONAL RIGHTS, UNDER 1ST, 8TH AND 14TH, FROM APRIL 29, 2021 TO PRESENT.

46. PLAINTIFF ALLEGES THAT, AT ALL TIMES RELEVANT MENTIONED, DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLAINTIFF'S "HEALTH AND SAFETY", IN VIOLATION OF A "REMEDIATION PLAN" ENTERED IN (1) ASHKER V. GOVERNOR, ET.AL. CASE NO. C 09-05796 CW (SETTLEMENT AGREEMENT) DATED AUGUST 31, 2015, IN WHICH PLAINTIFF IS A CLASS

47. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021, DEFENDANTS SANTORO, HIXON, JETER, JENSEN, FELIX, FRANCO, PHILPOTT, LOMELY, DRAKE, QUINTERO, MAGALLANES, MACIEL, AYALA, AND DOES (1) THROUGH (20), WERE ALL AWARE OF THE COCR'S ZERO TOLERANCE CODE OF SILENCE" POLICY, WHICH ALL CORRECTIONAL STAFF WERE REQUIRED TO SIGN, AS A CONDITION OF HIS OR HER EMPLOYMENT, AND DEFENDANTS, VIOLATED SAID POLICY, BY FAILING TO FILE CRIMINAL CHARGES AGAINST THE CORRECTIONAL STAFF, AND/OR INMATE TASK FORCE (CITED) INMATES FOR ALLEGED CRIMINAL CONSPIRACY" TO ASSAULT/MURDER, PLAINTIFF FOR HIS INVOLVEMENT WITH THE OFFICER BROCKETT'S INVESTIGATION AT SAC, AND PSYCH TECH NATE CLARK'S INVESTIGATION AT SVSP, WHICH RESULTED IN THEIR TERMINATION FROM COCR-PRISONS.

18.

Scanned at CDCR and E-Mailed
on 9/30/21 by JK
(date)          (initials)
Number of pages scanned: 25

48. PLAINTIFF ALLEGES THAT, DEFENDANTS SANTORO, NIXON AND JETER, WERE AWARE THAT, COCR-HAS A STRICT REGULATION CONCERNING INMATE CONFIDENTIAL INFORMATION, THE REGULATION PROHIBITS PRISON STAFF FROM SHARING CONFIDENTIAL INFORMATION WITH INMATES, OR INMATE TASK FORCE (ITF) INMATES, REGARDING CRIMINAL INVESTIGATIONS, WHICH WOULD POSE A THREAT TO THE SAFETY AND SECURITY OF THE INSTITUTION, OR ANOTHER PERSON, CAL, CODE REGS., SEC, 3321

49. PLAINTIFF ALLEGES THAT, DEFENDANTS SANTORO, NIXON AND JETER, WERE AWARE THAT, CO.CR HAS A VERY STRICT REGULATION REGARDING STAFF SEXUAL MISCONDUCT. THE REGULATION PROHIBITS PRISON STAFF FROM ENGAGING IN ANY SEXUAL CONDUCT WITH INMATES, PRESSURING OR REWARDING INMATES FOR SEXUAL FAVORS, UNNECESSARILY INVADING INMATES, PRIVACY, OR MAKING OVERLY FAMILIARY, DISRESPECTFUL OR THREATENING SEXUAL COMMENTS. THE RULE REQUIRES REPORTING AND INVESTIGATION OF ANY SEXUAL MISCONDUCT, WITH POTENTIAL DISCIPLINE AND CRIMINAL PROSECUTION. THE RULE ALSO ALLOWS THE VICTIMS OF SEXUAL MISCONDUCT TO KEEP THEIR IDENTIFIES CONFIDENTIAL AND PROHIBITS RETALIATION AGAINST A INMATE WHO REPORTS STAFF MISCONDUCT, CAL, CODE REGS. TIT. 15. 3401.5 (K)

50. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021 THROUGH JUNE 3, 2021, DEFENDANTS SANTORO, NIXON, JETER, DRAKE, PHILPOTT, FELIX, COMELY, AYALA, TANGEN, JENSEN, MAGALLANES, MACIEL, QUINTERO, ADVISED PLAINTIFF THAT, THEY WOULD NOT RELEASE PLAINTIFF FROM NKSP ASU, DUE TO THE FACT THAT MEMBERS OF CALIFORNIA STATE PRISON-SACRAMENTO, CALIFORNIA CORRECTIONAL INSTITUTION (CCI), AND CORCORAN STATE PRISON PRISON OFFICIALS, WERE INVOLVED IN = A CRIMINAL CONSPIRACY TO SUBJECT PLAINTIFF, TO AN ONGOING RISK OF SERIOUS

19.

Scanned at CDCR and E-Mailed on 9/30/21 by J.K
(date)        (initials)
Number of pages scanned: 25

ASSAULTS AND/OR MURDER, BY OTHER (ILE) INMATES WITH
CDCR-STAFF COMPLICTY.

51. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021 AND JUNE 8,
2021, DEFENDANTS SANTORO, DRAKE, FELIX, LONELY, JENSEN,
VAGUELY ALLEGES THAT, CSP-SAC STAFF, AND COR-STAFF,
HAD FACILITATED ON FEBRUARY 16, 2009, SEPTEMBER 8, 2009,
JULY 16, 2014, AND APRIL 20, 2016, BY LABELING PLAINTIFF
AS A "SNITCH", OVER THE OFFICER BRICKETT, AND PSYCH
TECH NATE CLAIRIS, CRIMINAL INVESTIGATIONS, FOR EXAMPLE!

(1) IN DECEMBER 2003 THROUGH JANUARY 17, 2004,
PLAINTIFF HAD REPORTED THAT OFFICER MARY K.
BRICKETT AT CSP-SAC, HAD SUBJECTED PLAINTIFF
TO "SEXUAL HARASSMENT," AND "SEXUAL ASSAULTS"
DURING, AN INTERNAL AFFAIRS INVESTIGATION
(OIA) BY SPECIAL AGENT JILL CHAPMAN, AND

(2) IN FEBRUARY 2004 THROUGH MARCH 22, 2004,
PLAINTIFF HAD REPORTED THAT PSYCH TECH NATE
CLAIR, AT SVSP, HAD SUBJECTED PLAINTIFF, ALSO
ATTEMPTED TO SOLICIT PLAINTIFF TO SELL DRUGS,
AND, CONSPIRE WITH HIM, TO HAVE MEMBERS OF
THE PUBLIC MURDERED, WHICH RESULTED IN HIS
ARREST, BY SPECIAL AGENT JILL CHAPMAN.

52. AS A DIRECT RESULT OF THE BRICKETT AND CLAIR'S
INVESTIGATIONS, PLAINTIFF WAS DEEMED, TO BE "RELIABLE," PER
CCR. TIT. 15, SECTION 3321, BY THE DEPARTMENT.

53. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021 THROUGH JULY
2021, DEFENDANTS SANTORO, BIXOW, JETER, JENSEN, FELIX, LONELY
DRAKE, AYALA, TANGEN, PHILPOTT, MAGALLANES, MACIEL, FRANCO
QUINTERO, HAD EVIDENCE THAT, SOME CDCR-CORRECTIONAL
STAFF, WERE INVOLVED IN "CRIMINAL CONSPIRACY" AGAINST
PLAINTIFF FOR HIS TESTIMONY, AGAINST OFFICER MARY K. BRICKETT,

AND PSYCH TEETH NATE CLAIM,

54. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021 THROUGH JULY 2021, DEFENDANTS SANTORO, NIXOW, JETER, JENSEN, LONELY, FELIX, DRAKE, AND AYALA, ADVISED PLAINTIFF THAT, CSP SACRAMENTO, COR-STAFF AND CCI-STAFF, WERE INVOLVED IN CRIMINAL CONSPIRACIES AGAINST PLAINTIFF, TO PRODUCE GREAT BODILY INJURY OR, MURDER, AND THEY HAD EVIDENCE THAT, SOME STAFF AND INMATES, WERE INVOLVED IN A CONSPIRACY TO ASSAULT PLAINTIFF AT CSP-SAC, AND COR-SNU WERE PLAINTIFF WAS ASSAULTED ON FEBRUARY 16, 2009; AND SEPTEMBER 8, 2009, WHICH WAS FACILITATED BY CORRECTIONAL STAFF, ACCORDING TO CORRECTIONAL STAFF AND CONFIDENTIAL INFORMANTS REPORTS DATED MARCH 18, 2009; SEPTEMBER 13, 2009 AND JULY 16, 2014

55. PLAINTIFF ALLEGES THAT, ON JUNE 29, 2021 DEFENDANTS SANTORO HIXOW, JETER, JENSEN, FELIX, LONELY, RECEIVED A CONFIDENTIAL MEMORANDUM, FROM DEFENDANT R. AYALA, ALLEGING THAT, SOME CSP-SAC-STAFF, CCI-STAFF, AND COR-STAFF, KNEW ABOUT THE RETALIATORY ASSAULTS, COMMITTED ON FEBRUARY 16, 2009, AND SEPTEMBER 8, 2009, AND THE DEPARTMENT "DID HARBOR, CONCEAL, OR AID CORRECTIONAL OFFICERS, WITH THE INTENT THAT, STAFF AND INMATE TASK FORCE (ITF) INMATES, MIGHT AVOID AND ESCAPE FROM ARREST, TRIAL, CONVICTION OR PUNISHMENT FOR SAID FELONY CHARGES

56. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021 THROUGH JULY 2021 DEFENDANTS SANTORO, HIXOW, JETER, DRAKE, JENSEN, FELIX, LONELY, AYALA AND DOES (1) THROUGH (20), ALLEGES THAT CSP-SAC, CCI, COR AND NKSP, STG INVESTIGATIONS UNIT CAN SUBSTANTIATE THE VALIDITY OF PLAINTIFF'S SAFETY CONCERNS AND BEING TARGETED FOR ASSAULT / MURDER BY THE BGF STG-I AND STG-II CRIPS, PER CONFIDENTIAL MEMORANDUM (S) DATED MARCH 18, 2009; SEPTEMBER 13, 2009 AND JULY 16, 2014, WHICH ARE EVIDENT THAT, THE PLAINTIFF WAS A TARGET OVER HIS PRIOR TESTIMONY AGAINST OFFICER BROCKETT, AND PSYCH TECH NATE CLAIR,

21.

57. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021 THROUGH JULY 2021 DEFENDANTS SANTORO, JETER, NIXON, JENSEN, LONGLY, FELIX, AYALA, DRAKE, TANGEN, PHILPOTT, FRANCO, MAGALLANES, MACIEL, REYNOSO, WILLIAMS, QUINTERO, AND DOES (1) THROUGH (2), KNEW OR SHOULD HAVE KNOWN THAT, IT WAS A VIOLATION OF CCR, TIT. 15 SECTION 3401.5(G), ON APRIL 20, 2021 TO PRESENT, NOT TO TAKE MULTIPLE PROTECTIVE MEASURES TO PROTECT PLAINTIFF WHO REPORTED OFFICER MARY K. BROCKETT'S "SEX CRIMES" AGAINST PLAINTIFF AT SAC, AND THEN PLAINTIFF COOPERATE WITH SPECIAL AGENTS, WITH STAFF SEXUAL MISCONDUCT INVESTIGATIONS, (SEE: MANAGO V. WILLIAMS, 2013 U.S. DIST. LEXIS 183734 (E.D. CAL MAR. 13, 2013)).

58. PLAINTIFF ALLEGES THAT, ON APRIL 29, 2021, DEFENDANTS FAILED TO CONSIDER TRANSFERRING PLAINTIFF, TO CALIFORNIA MEDICAL FACILITY (CMF), TO PROVIDE PLAINTIFF WITH EMOTIONAL SUPPORT SERVICES; AND TO PROVIDE PLAINTIFF WITH MEDICAL AND MENTAL HEALTH SERVICES, CAL. CODE. REGS. TIT. 15. SEC. 3401.5(F) AND (G)

59. PLAINTIFF ALLEGES THAT, AT ALL TIMES RELEVANT MENTIONED FROM APRIL 2021 TO JULY 2021 DEFENDANTS, FAILED TO PROTECT PLAINTIFF FROM RETALIATORY ACTS, AND THREATS OF DEATH, FOR REPORTING OFFICER BROCKETT, AND PSYCH TECH CLAIR, AS EVIDENCE BELOW:

- ON MARCH 18, 2009, CORRECTIONAL LIEUTENANT A. RONRAD PREPARED A CDCR 1288 DATED, 3-18-09, ALLEGING THAT, IN MARCH 2009, A CONFIDENTIAL INFORMANT INDICATED THE CRIPS ARE AWARE OF MANAGO'S PAST INVOLVEMENT AS AN INFORMANT AND PRIOR SNY STATUS AND MANAGO IS NOT IN GOOD STANDINGS WITH THE CRIPS AND IF GIVEN THE OPPORTUNITY, THE CRIPS MEMBERS WILL KILL MANAGO;

Scanned at CDCR and E-Mailed
on ___9/30/21___ by ___J.K.___
(date)        (initials)
Number of pages scanned: 25

22.

• On September 13, 2009, Officer R. Masterson prepared a confidential memorandum, alleging that, in September 2009 at SAC, a confidential informant indicates Managô was assaulted because things weren't adding up and Managô had to "Go!!" and the CRIPS had found out Managô had been jumped on C-Yard. (CCI is referring to assault on 2-16-09); And

• On July 16, 2014, Sergeant J. Amaya prepared a correctional officer's "Confidential memorandum", alleging that, in June 2014, a confidential informant gave a note to staff indicating 2, validated BGF associates were planning to assault Managô due to Managô snitching while housed at SAC and SVSP, and that he was jumped at FSP-D Yard.

60. Plaintiff alleges that, on April 29,2021 and June 3, 2021, Defendants Santoro, Nixon, Jeter, Jensen, Lomely, Felix, Franco, Tangen, Philpott, Drake, and Quintero, failed to enforce CDCR-zero tolerance regarding the "Code of silence" on correctional staff, by failing to protect plaintiff from retaliation, in violation of CCR. Tit. 15 sections: 3321 and 3401.5(E)-(G).

61. Plaintiff alleges that, on April 20,2021 through present, Defendants Santoro, Nixon, Jeter, and Drake, failed to provide plaintiff with non disciplinary segregation status, as provided by CCR. Tit. 15, section 3335(A)(1)(B).

62. Plaintiff alleges that, Defendants Santoro, Jeter, Drake, did conspire to file false and "misleading" CDCR-128(G) dated 5-3-2021, and 6-3-21, with the attempt to conceal their acts of retaliation and retribution on April 29,2021 and June 3, 2021

Scanned at CDCR and E-Mailed on __9/30/21__ by __J.K.__
(date)        (initials)
Number of pages scanned: 25

LEGAL CLAIMS

63. PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIMS AGAINST ALL NAMED DEFENDANTS

64. PLAINTIFF'S EIGHTH AMENDMENT CLAIMS, AGAINST THE FOLLOWING DEFENDANTS!

   (A) PLAINTIFF CLAIMS AGAINST DEFENDANTS: O. MACIEL, A. MAGALLANES, AYALA, REYNOSO, WILLIAMS, FOR ALLEGED FAILING TO PROTECT PLAINTIFF FROM RETALIATION AND RETRIBUTION OF ASU.

   (B) PLAINTIFF CLAIMS AGAINST DEFENDANTS SANTORO, HIXON, JETER, JOHNSON, QUINTERO, PHILPOTT, DRAKE, FELIX, LONELY, FRANCO, BASCO ON THEORIES OF DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH AND SAFETY, FAILURE TO PROTECT, AND SUPERVISORY LIABILITY.

   (C) PLAINTIFF CLAIMS AGAINST DEFENDANTS SANTORO, HIXON, JETER, QUINTERO, DRAKE, MAGALLANES, MACIEL, REYNOSO, AND WILLIAMS, BASCO ON THEORIES OF (1) VIOLATION OF ASHKER (SETTLEMENT AGREEMENT) (2) DUE PROCESS RIGHTS. AND (3) VIOLATION OF PREA RETALIATION, INCLUDING SUPERVISORY LIABILITY FOR THE FAILURE TO TRAIN AND SUPERVISE, THEIR STAFF TO FACILITATE INMATE-ON-INMATE ATTACKS OR LABELLING INMATES SNITCHES

Scanned at CDCR and E-Mailed
on 9/30/21 by JK
   (date)        (initials)
Number of pages scanned: 25

24.

## E. REQUEST FOR RELIEF

State the relief you are seeking: *PLAINTIFF STEWART MANAGO, RESPECTFULLY REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF:*

A. SET THIS MATTER FOR A JURY TRIAL ;

B. GENERAL AND SPECIAL DAMAGES ACCORDING TO PROOF AT TRIAL

C. MEDICAL AND MENTAL HEALTH RELATED EXPENSES ACCORDING TO

D. FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS

JUST AND PROPER


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

DATE

SIGNATURE OF PLAINTIFF

*IN-PRO-PER*

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Scanned at CDCR and E-Mailed
on  9/30/21  by  J.K
        (date)        (initials)
Number of pages scanned: 25