UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>             Plaintiff,<br><br>       v.<br><br>KELLY SANTORO; ET. AL.,<br><br>             Defendants. | Case No.  1:21-cv-1464-AWI-HBK<br><br>ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR CONFIRMATION OF FILING FEE<br><br>ORDER DENYING MOTION FOR SANCTIONS<br><br>(Doc. No.  6) |

Pending before the Court is Plaintiff's pleading titled "motion for protective order and motion for imposition of sanctions," which incorporates Plaintiff's declaration, filed on October 27, 2021.  (Doc. No. 6).  Plaintiff initiated this action as a prisoner proceeding *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983 while incarcerated in North Kern State Prison.  (Doc. No. 1).  Although titled as a motion for protective order,[1] Plaintiff seeks confirmation that the $402 filing fee was paid and expresses concern over mail tampering by unnamed correctional officials seeking $1000 in sanctions for the officials' alleged mail tampering and his time in researching and filing the instant motion.  (*See generally* Doc. No. 6) (stating he is "challenging access to Court and Defendants' undue restrictions [o]n Plaintiff's ability to pursue the instant

---

[1] Protective orders are governed by Federal. Rules of Civil Procedure 26(c) and applicable in discovery.

civil action."). (*Id.* at 2). Consequently, the Court construes the motion as seeking confirmation that his filing fee was received by the Clerk and requesting monetary damages for Plaintiff's claims of mail tampering and interference in accessing the court.

The Court confirms the Clerk received Plaintiff's filing fee in this case on November 2, 2021. (Receipt No. CAE1000049419). Further, the docket reflects Plaintiff has been able to file motions seeking relief and the Court has not rejected any pleading as untimely. (*See generally* docket, *see also.* Doc. Nos. 10, 11). To the extent Plaintiff wishes monetary damages for a First Amendment access to court claim caused by the alleged mail tampering, Plaintiff must initiate a new civil rights action on this unrelated claim, keeping in mind that the negligent opening of mail does not amount to a First Amendment violation. *See Hayes v. Idaho Corr. Center*, 849 F.3d 1204, 1208-1216 (9th Cir. 2017) (internal citations omitted). Similarly, mail from the court is not entitled to the same First Amendment protections as mail from attorneys. *Id.*

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for a protective order, construed as a motion confirming receipt of the filing fee is GRANTED (Doc. No. 6) to the extent the Court confirms the filing fee was received.

2. Plaintiff's motion for sanctions (Doc. No. 6) is DENIED.

Dated:  April 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2